WILLIAM H. WATERS, Administrator of FRANCIS O'CONNOR, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, January 6, 1908.

1. JUDGMENT: Default: Setting Aside: Practice: Jurisdiction. A judgment by default on a life insurance policy in favor of the assured's administrator will not be set aside on the ground that the assured died in another State. That matter should have been contested before the judgment and cannot effect the jurisdiction of the trial court.

2. ———: ———: ———: ———: ———. So likewise matters relating to where the cause of action accrued, the office of the insurer, its license to do business in the State, and the appointment of a person upon whom service of process could be had, do not effect the jurisdiction of the trial court nor furnish grounds to set aside a default.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Thomas & Hackney* for appellant.

(1) The deceased, Francis O'Connor, having been a resident of Hamilton county, Iowa, at the time of the

issue of the policy of insurance on his life and at the time of his death, and the policy of insurance being payable at the home office of the defendant in the city of New York, and the policy of insurance not being in the possession of the plaintiff nor in the State of Missouri, the Circuit Court of Jasper county was without jurisdiction to render judgment against the defendant on said policy of insurance and a judgment by said court would not protect the defendant in the payment of said policy. Insurance Co. v. Lewis, 97 U. S. 682; Reynolds v. McMullen, 55 Mich. 568; Partnership Estate of Henry Ames & Co., 52 Mo. 290; Wyman v. Halstead, 109 U. S. 654; 2 Woerner's American Law of Administration, section 309, p. 650. (2) Ancillary letters of administration may be attacked collaterally and will be adjudged void for want of jurisdiction whenever and wheresoever the jurisdictional power of the court granting them is shown not to exist. Griffith v. Frazier, 8 Cranch 9; Holyoke v. Haskins, 5 Pickering 20; Crosby v. Leavitt, 4 Allen 410; Unknown Heirs of Langworthy v. Baker, 23 Ill. 484; Farrell v. Patterson, 43 Ill. 52; Cureton v. Mills, 13 So. Car. 409, 36 Am. Rep. 700; In re Olson, 63 Iowa 145. (3) The plaintiff's petition fails to state facts sufficient to give the circuit court jurisdiction in that it does not allege that the plaintiff's cause of action accrued in Jasper county, it does not state that the defendant had any office or agent in Jasper county, and in fact defendant had no office or agent in Jasper county, and it does not state that the defendant had complied with the laws of the State of Missouri in reference to foreign insurance corporations doing business in the State of Missouri, and it does not allege that a permit to do business as an insurance corporation in the State of Missouri had ever been granted defendant by the Secretary of State of Missouri, and it does not allege that the said company had designated any person upon whom service of process could be had on the de-

fendant in the State of Missouri. Session Laws of 1903, p. 115; Roberts v. Insurance Co., 26 Mo. App. 92. (4) But even if the court obtained jurisdiction of the defendant and the cause of action sued on, it had power to set aside the judgment after the lapse of the term for fraud in obtaining the judgment by the plaintiff under the circumstances. Fisher v. Fisher, 114 Mo. App. 627.

*H. L. Shannon* for respondent.

(1) Appellant was duly served with summons as shown by the officer's return. R. S. 1899, sec. 7991; Swallow v. Duncan, 18 Mo. App. 622; Stone v. Insurance Co., 78 Mo. 655. (2) Respondent brought this action as domiciliary representative of Francis O'Connor, deceased, and not as his ancillary representative. (3) While it is stated that respondent was public administrator of Jasper county, Missouri, there is no evidence to that effect, and he could not have taken charge of the estate as public administrator, for the widow of Francis O'Connor lived at Joplin, Missouri. See petition of Francis O'Connor for letters of administration. (4) Respondent's title as administrator (domiciliary) of the estate of Francis O'Connor, deceased, was an issuable fact in this case. The rule is unquestioned that a judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive between the parties and those in privity with them, upon any question of fact directly in issue and determined in the action. 24 Am. and Eng. Enc. of Law (2 Ed.), 765. (5) The judgment being a determination that respondent was the domiciliary representative of Francis O'Connor, deceased, it is also a determination by implication or intendment of the further fact that Francis O'Connor was domiciled in Jasper county, Missouri, at the time of his death. 24 Am. and Eng. Enc. of Law (2 ed.), 766. (6) Being domiciled in Jasper county, Missouri, at the time of his death, there was no fraud

in taking out letters of administration on the estate of Francis O'Connor in Jasper county, Missouri, and there could not have been any fraud in bringing suit and procuring judgment in the circuit court of said county. There being no fraud in either the cause of action or in the procurement of the judgment, there is no basis for the relief asked by appellant.

ELLISON, J.—Plaintiff, as administrator of the estate of Francis O'Connor, recovered judgment on a policy of insurance issued by defendant on the life of O'Connor payable at his death to Mildred and Harry O'Connor. There was a judgment by default against defendant, which was made final. At a subsequent term defendant instituted the present proceeding by motion to vacate the judgment. The trial court refused to do so and defendant appealed.

It appears that the policy provided that the insured could change the beneficiary, and it is said that he did so by making it payable to his estate. He died in Iowa and Mildred and Harry O'Connor, denying that there was a change of beneficiary, brought their action against defendant in that State. Defendant became aware of the claim of this plaintiff as administrator of the estate in this State and asked of the Iowa court that the plaintiffs in the suit there and the administrator interplead. This was granted and this plaintiff, being out of the jurisdiction of that court, refused to do so. An administrator was then appointed in Iowa and he did interplead and make claim for the money. That case was tried and the Iowa court decided in favor of the plaintiffs O'Connor.

In the meantime this plaintiff having been appointed administrator of the estate in this State brought his action and obtained judgment by default as already stated. Jurisdiction of defendant was obtained by service on W. D. Vandiver, Superintendent of Insurance Department for Missouri. [R. S. 1899, sec. 7991.]

Objections to the action of the trial court in refusing to vacate the judgment are in great part attacks on the validity of that judgment. Most of these objections are of such character as should have been made before the case was closed by the judgment, and are too late now. It is claimed by defendant that the insured died in Iowa and that his residence was there. But plaintiff claims deceased was a resident of this State and that letters of administration were properly issued to him. This was a matter that should have been contested before judgment. It did not affect the jurisdiction of the trial court.

But defendant questions the sufficiency of plaintiff's petition to give jurisdiction to the Missouri court "in that it does not allege that the plaintiff's cause of action accrued in Jasper county, it does not state that the defendant had any office or agent in Jasper county, and in fact defendant had no office or agent in Jasper county, and it does not state that the defendant had complied with the laws of the State of Missouri in reference to foreign insurance corporations doing business in the State of Missouri, and it does not allege that a permit to do business as an insurance corporation (in) the State of Missouri had ever been granted defendant by the Secretary of State of Missouri, and it does not allege that the said company had designated any person upon whom service of process could be had on the defendant in the State of Missouri."

We do not consider that these objections went to the extent of destroying the jurisdiction of the trial court. A party litigant suffering judgment to go against him by default cannot be allowed, after it has become final, to bring up objections which should have been interposed before judgment. There was jurisdiction of plaintiff's cause of action and of defendant's body in the trial court, and we do not see where it is entitled

to any relief now, unless it be on the ground of fraud, and of that there is no evidence.

The judgment should be affirmed. All concur.